# BAYER *v.* BRADLEY.

---

PATENTS; INTERFERENCE; JOINT INVENTORS; REDUCTION TO PRACTICE.

1. Allegation by joint inventors in an interference of conception at a given date is not supported by evidence of conception by one of them as of that date.

2. Where, in an interference involving an invention relating to steam blowers for cleaning soot from inclined tubes of water-tube boilers, the evidence showed that one of the parties, before the date of con-

---

Note.—On right to protection against use by rival of similar design, shell, or pattern not protected by patent, see notes in 19 L.R.A.(N.S.) 269 and 37 L.R.A.(N.S.) 259.

ception by his rivals, built a device embodying the invention and successfully tested it, it was *held* that such test was a reduction to practice and that he was entitled to an award of priority.

No. 1072.   Patent Appeals.   Submitted November 20, 1916.   Decided January 9, 1917.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.            *Affirmed.*

The facts are stated in the opinion.

*Mr. Emil Starek* for the appellants.

*Mr Frank C. Curtis* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This appeal in interference is from the decision of the Commissioner of Patents affirming the decision of the Board of Examiners in Chief, which, in turn, affirmed the decision of the Examiner of Interferences.   These appellants, August V. Bayer and Gideon P. Brown, are here with the decisions of all the tribunals below against them.

The invention relates to steam blowers for cleaning soot from the inclined tubes of water-tube boilers.   The counts of the issue, twelve in number, are sufficiently illustrated by counts 1 and 12, as follows:

"1. In a soot blower for water-tube boilers having inclined tubes, a riser mounted opposite the sides of the tubes, a set of pivoted nozzles communicating with the riser, arranged one above the other in vertical series, and oscillating about noncoincident axes in the general direction of the tubes, thereby following the dip of the tubes during the blowing operation."

"12. In a soot blower for water-tube boilers having inclined tubes, a fixed riser mounted opposite the sides of the tubes, a series of branches leading from the riser, hollow joints on said

branches arranged one above the other in vertical series, and nozzles leading from the joints and oscillating about the axes of the several joints, said axes being noncoincident and substantially at right angles to the dip of the water tubes, whereby the nozzles follow the dip of the tubes during the blowing operation."

The earliest date of conception that can be awarded appellants is May 2, 1911. While they alleged conception in December, 1910, the evidence conclusively discloses that they never met each other until May, 1911. Bayer may have conceived prior to this date, as the testimony seems to indicate, but appellants are here claiming as joint inventors, and we are only concerned with the establishment of joint conception, which it is not contended occurred prior to May, 1911.

This date is too late to avail appellants. Appellee, William J. Bradley, had a device built and tested in February, 1911. The device consisted of four rows of boiler tubes, eighty-four in number, being twenty-one to the row, set at the angle used in a boiler construction. Soot was distributed on the tubes by hand and the nozzles were adjusted for sweeping the tubes. Steam was turned on, and it worked perfectly. As suggested in the opinions below, the fact that it cleaned the soot from the tubes is not of great importance, since this function is old in the art. The invention consists in the adjustment of the nozzle in relation to the tubes, so that the blast from the nozzle would be in the right direction, and, as suggested, this could be tested with four nozzles as well as with a greater number. The test made, we think, constituted a complete reduction of the invention to practice.

This was immediately followed by the building and installation of a blower in the plant of the Hall-Hartwell Company, at Troy, New York. It is unnecessary, however, to consider the evidence in relation to this construction,—although we think the evidence clearly establishes it,—as the reduction to practice had already been accomplished.

The case is not one where a doubt as to the sufficiency of the evidence is to be resolved in favor of the unanimous decisions

of the tribunals below, but one where the evidence is overwhelmingly conclusive.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings as by law required. *Affirmed.*

Mr. Chief Justice COVINGTON of the Supreme Court of the District of Columbia, sat with the Court in the hearing and determination of this appeal, in the place of Mr. Chief Justice SHEPARD.